IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40101
Summary Calendar
_____


BRENDA ANDERSON,

Plaintiff-Appellant,

versus

ROBERT BEHRNS, DR.; CORRECTIONAL CORPORATION OF AMERICA;
MRS. BEHRNS, DR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1581
--------------------
March 20, 2000

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Having consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c), Brenda Anderson, Texas prisoner No. 768897, appeals the magistrate judge's dismissal of her civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (i) and (ii).

We reject Anderson's argument that she did not voluntarily consent to proceed before the magistrate judge and we find no error in the court's failure to appoint counsel to represent Anderson.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anderson testified that the defendant doctors discontinued her psychotropic medication because they believed that she did not need it. Thus, the magistrate judge properly found that neither the doctors nor their employer, Correctional Corporation of America (CCA), was liable to Anderson under 42 U.S.C. § 1983. Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc); Flores v. Cameron County, Texas, 92 F.3d 258, 263 (5th Cir. 1996). Anderson's argument that she should have been offered an opportunity to amend her complaint is meritless. As Anderson failed to allege a constitutional violation, we find no abuse of discretion in the dismissal of her complaint prior to discovery. Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986).

In her appellate brief, Anderson argues for the first time that the defendant doctors discontinued her medication in deliberate disregard of a known danger to her health because CCA has a blanket policy of not allowing inmates to take expensive drugs. We decline to address this argument because it would require resolution of factual issues that were not presented to the district court. See Diaz v. Collins, 114 F.3d 69, 71 n.5 (5th Cir. 1997)

AFFIRMED.